**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re 360 DigiTech, Inc. Securities Litigation | No. 1:21-cv-06013-AKH<br><br>Judge Alvin K. Hellerstein<br><br><u>CLASS ACTION</u><br><br>ORAL ARGUMENT REQUESTED |

**MEMORANDUM OF LAW IN SUPPORT OF LEAD PLAINTIFF'S**
**MOTION TO STRIKE CERTAIN EXHIBITS**
**FROM DEFENDANT 360 DIGITECH, INC.'S MOTION TO DISMISS THE**
**<u>AMENDED CONSOLIDATED CLASS ACTION COMPLAINT</u>**

Court-appointed Lead Plaintiff Gad Sorek ("Plaintiff") moves to strike certain exhibits attached to the Declaration of Robert A. Fumerton (the "Fumerton Dec.") (ECF No. 47) (Exhibits E, I–L, and P–W) (the "Exhibits"), which were improperly submitted in support of Defendant 360 Digitech, Inc.'s Motion to Dismiss the Amended Consolidated Class Action Complaint pursuant to Rule 12(b)(6) (the "Motion") (ECF No. 45).  For the reasons set forth below, these Exhibits should be stricken or considered for only limited purposes by the Court because they were not referenced in or relied upon by Plaintiff in the Amended Class Action Complaint for Violation of the Federal Securities Laws (the "Complaint") (ECF No. 41).

## I.      INTRODUCTION

On January 19, 2022, Plaintiff filed the Complaint against 360 DigiTech, Inc. ("360 DigiTech" or the "Company") and several of 360 DigiTech's senior executives (collectively, along with 360 DigiTech, "Defendants"), alleging violations of the federal securities laws arising from their false, deceptive, and misleading statements and material omissions made between April 30, 2020 through July 8, 2021, inclusive ("Class Period").  On March 15, 2022, Defendants moved under Federal Rule of Civil Procedure ("Rule") 12(b)(6) to dismiss the Complaint.  In support of their Motion, Defendants attempt to evade the Complaint's well-pled allegations and, instead, proffer their own self-serving version of the facts, which they improperly ask the Court to accept as true.  As decades of legal authority demonstrate, such tactics are improper and must be rejected. *See*, *e.g.*, *Doe v. Columbia Univ.*, 831 F.3d 46, 48 (2d Cir. 2016) (emphasis added) ("[A] court at this stage of our proceeding *is not engaged in an effort to determine the true facts*.").

To their desired outcome, Defendants assert an alternative set of facts consisting of a mixture of unsubstantiated "information" contained in news articles, third-party Chinese press releases, an earnings call transcript, and 360 DigiTech's filings on Form 6-K with the Securities and Exchange Commission ("SEC")—none of which is alleged or referred to in the Complaint.  It

is improper for Defendants to ask the Court to consider these materials at the motion to dismiss stage for the truth of the matter asserted therein. At bottom, Defendants' Motion impermissibly attempts to establish a competing universe of facts and inferences to create inconsistencies with the well-pled allegations of the Complaint. Defendants' tactic should be rejected and their contradictory competing factual contentions and exhibits either (i) stricken from the record or (ii) considered only to determine what the documents stated—not for the truth of the matter asserted therein. *See, e.g.*, *In re China Mobile Games & Ent. Grp., Ltd Sec. Litig.*, 2016 WL 922711, at *3 (S.D.N.Y. Mar. 7, 2016) (striking exhibit because it "was neither incorporated by reference in the [c]omplaint nor properly the subject of judicial notice"); *In re PetroChina Co. Ltd. Sec. Litig.*, 120 F. Supp. 3d 340, 354 n.14 (S.D.N.Y. 2015) (same); *Roth v. Jennings*, 489 F.3d 499, 511 (2d Cir. 2007) (considering documents "only for 'what' they contain, 'not to prove the truth' of their contents").

## II.    LEGAL STANDARD

On a motion to dismiss, defendants may not introduce facts not alleged in the complaint unless such facts fall into specific exceptions. *Roth*, 489 F.3d at 509. A motion to dismiss may draw only on the complaint's: (i) allegations, (ii) documents attached or incorporated by reference, or (iii) documents "upon which [the complaint] *solely* relies and which [are] *integral to the complaint*." *Id.*; *Safran Elecs. & Defense SAS v. iXblue SAS*, 789 F. App'x 266, 270 (2d Cir. 2019) (same).

At any rate, even in such a situation "where public records [] are integral to a fraud complaint [but] are not attached to it, the court . . . is permitted to take judicial notice of those records" "only to determine *what* the documents stated," and "*not to prove the truth of their contents*." *Roth*, 489 F.3d at 509; *In re Hebron Tech. Co., Ltd. Sec. Litig.*, 2021 WL 4341500, at *1 n.2 (S.D.N.Y. Sept. 22, 2021) (with respect to matters of public record, considering them "'not

for the truth of the matters asserted therein,' but only 'for the fact that the statements were made'");

*SEC v. Fiore*, 416 F. Supp. 3d 306, 328–29 (S.D.N.Y. 2019) (same); *Sharette v. Credit Suisse Int'l.*, 127 F. Supp. 3d 60, 75 (S.D.N.Y. 2015) (same).

Moreover, even when courts take judicial notice of documents attached to a motion to dismiss, they should "continue[] to draw all reasonable inferences in the [plaintiff's] favor." *SEC v. Ripple Labs, Inc.*, 2022 WL 762966, at *1 n.1 (S.D.N.Y. Mar. 11, 2022). "Outside of these categories, it is generally not appropriate for a court, on a motion to dismiss, to consider information or documents extrinsic to the complaint." *City of Austin Police Ret. Sys. v. Kinross Gold Corp.*, 957 F. Supp. 2d 277, 287 (S.D.N.Y. 2013).

## III.    ARGUMENT

In support of their motion to dismiss, Defendants ask this Court to accept as true their self-serving version of facts from a combination of news articles, third-party press releases, an earnings call transcript, and SEC filings—none of which the Complaint references, cites, or otherwise relies upon. Specifically, Defendants seek judicial notice of three categories of materials: (i) news articles and third-party Chinese press releases not referenced in or otherwise alleged in the Complaint; (ii) an earnings call transcript not referenced in or otherwise alleged in the Complaint; and (iii) SEC filings not referenced in or otherwise alleged in the Complaint.

Defendants proffer these Exhibits as support for their counterfactual narrative, *i.e.*, for the truth of the matters asserted therein. Indeed, they use these Exhibits to create disputed issues of substantive fact not properly addressed on a motion to dismiss, including: the purportedly true meaning of certain Chinese laws; alternative reasons why the Company's 360 Jietiao app was removed from the app stores and its impact on the Company; and alternative causes for the decline in 360 DigiTech's stock. By introducing new materials from untested sources in their Motion,

Defendants impermissibly go far beyond arguing the facts pled in the Complaint and instead seek to conduct a trial on the merits at the pleading stage.

However, the Second Circuit clarified that "a court at this stage of our proceeding is not engaged in an effort to determine the true facts." *Columbia Univ.*, 831 F.3d at 48. Instead, "[i]f the complaint is found to be sufficient to state a legal claim, the opposing party will then have ample opportunity to contest the truth of the plaintiff's allegations and to offer its own version." *Id.*

### A.     The Court Should Strike News Articles and Third-Party Press Releases

In their Motion, Defendants never deny they violated Chinese data privacy regulations. Instead, they self-servingly flip the narrative to suit their defense. *See* Plaintiffs' Opposition to Defendants' Motion to Dismiss ("Opp.), filed concurrently herewith, at 11. For instance, Defendants improperly cite to and rely upon news articles and press releases issued by third-party Chinese regulatory agencies for the truth of the matter asserted therein. For example, Defendants cite to a New York Times article (Exhibit E, ECF No. 47-5) to support their untested legal conclusion that the Chinese data privacy laws were vague and required follow-up laws to specify the standards. MTD at 5.[1]

Next, Defendants cite several news articles from the Financial Times, ABC News, and Bloomberg (Exhibits J–L, ECF Nos. 47-10 to 47-12) to describe the supposed purpose of and the discussions that took place at the April 29 Meeting. MTD at 9. Defendants similarly reference a news article from Reuters and translated press releases issued by Chinese regulatory agencies

---

[1] Additionally, the conclusions made in Exhibit E are taken from unsubstantiated statements from a person at a law firm in Beijing, of which Plaintiff has never been "given a reasonable opportunity to investigate the [] authenticity and accuracy." Fed. R. Evid. 902(3); *Brown v. DeFrank*, 2006 WL 3313821, at *22 (S.D.N.Y. Nov. 15, 2006) (stating that the court could not consider certain exhibits on a motion to dismiss because the plaintiff objected to the exhibits' accuracy); *MacNamara v. City of New York*, 249 F.R.D. 70, 93 n.16 (S.D.N.Y. 2008) (because parties disputed accuracy of news articles relied on by the judge, it was "contrary to law to take judicial notice of the articles for the truth of the matters asserted therein").

(Exhibits Q–U, ECF Nos. 47-17 to 47-21) purportedly to show that when the 360 Jietiao app was removed from the app stores, the Chinese government undertook a series of regulatory actions against U.S.-listed Chinese companies.  MTD at 11–12, 25.  Defendants further rely on these news articles and third-party press releases from Chinese regulatory agencies to support their arguments against loss causation for the factual and legal conclusion that the announcements of these regulatory actions "caused share prices to fall across the Chinese technology sector."  MTD at 12, 25.[2]

However, the Complaint neither referenced nor relied on these news articles or press releases, making it improper for Defendants to ask the Court to consider them at the motion to dismiss stage.  *SEC v. Rio Tinto plc*, 2019 WL 1244933, at *7 (S.D.N.Y. Mar. 18, 2019) (not considering multiple news articles attached to motion to dismiss); *China Mobile Games*, 2016 WL 922711, at *3 (striking news article because it "was neither incorporated by reference in the [c]omplaint nor properly the subject of judicial notice"); *PetroChina*, 120 F. Supp. 3d at 354 n.14 (not considering news articles on a motion to dismiss since the complaint "neither references nor relies on these documents"); *Bd. of Trustees of City of Ft. Lauderdale Gen. Emps.' Ret. Sys. v. Mechel OAO*, 811 F. Supp. 2d 853, 865 (S.D.N.Y. 2011) (striking 11 news articles "[b]ecause there is no indication that [p]laintiffs relied on the challenged documents or that they are otherwise subject to judicial notice"), *aff'd sub nom. Frederick v. Mechel OAO*, 475 F. App'x 353 (2d Cir. 2012); *In re OPUS360 Corp. Sec. Litig.*, 2002 WL 31190157, at *1 n.3 (S.D.N.Y. Oct. 2, 2002)

---

[2] Defendants' reliance on *In re Merrill Lynch & Co. Research Reports Securities Litigation*, 289 F. Supp. 2d 416, 421 n.6 (S.D.N.Y. 2003) for the proposition that the Court may take judicial notice of the market-wide events referenced in Exhibits Q–U (MTD at 25 n.11) is inapposite.  First, *Merrill Lynch* does not take judicial notice of market events as reported in news articles or press releases as Defendants contend.  Instead, the court there merely took judicial notice of the internet bubble crash—**which the complaint itself alleged was the cause of plaintiffs' harm**.  *Merrill Lynch*, 289 F. Supp. 2d at 421.  Second, even if the Court does judicially notice the purported crackdown on U.S.-listed Chinese technology companies in July 2021, the Court **cannot accept as true** Defendants' intended inference and legal and factual conclusion that the crackdown was the cause of 360 DigiTech's stock to drop, not the fraud.

(granting plaintiff's motion to strike exhibits since the "documents, including various articles related to the companies involved in th[e] action and securities trading generally, are not integral to the plaintiff's claims, relied on by them, or attached to or incorporated by reference in the [complaint], and consequently should not be considered by this Court on a 12(b)(6) motion").

Nor did the Complaint reference, cite, or rely on the Chinese press releases or corporate announcements. *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) (holding that "forms of disclosure such as press releases or announcements" not required by law to be filed by the defendant are not subject to judicial notice); *Rothenberg v. Perelman*, 1990 WL 3244, at *1 n.1 (S.D.N.Y. Jan. 9, 1990) (declining to consider press release as part of defendants' motion to dismiss because complaint did not incorporate it by reference, even when the complaint quoted parts of it); *United States v. Int'l Longshoremen's Ass'n*, 518 F. Supp. 2d 422, 455–56 (E.D.N.Y. 2007) (declining to judicially notice government announcements and press releases that were not incorporated by or relied upon in the complaint); *In re OSI Pharms., Inc. Sec. Litig.*, 2007 WL 9672541, at *5 (E.D.N.Y. Mar. 31, 2007) ("The Court will not consider the press releases of other companies.").

Therefore, the Court should strike Exhibits E, J–L, and Q–U.[3]

---

[3] Should the Court take judicial notice of these news articles and Chinese announcements, it should not consider them for their substance and particularly not for the legal conclusions and defenses Defendants seek to draw from them. *In re Hebron Tech.*, 2021 WL 4341500, at *1 n.2 (with respect to matters of public record, considering them "'not for the truth of the matters asserted therein,' but only 'for the fact that the statements were made'"); *Reilly v. U.S. Physical Therapy, Inc.*, 2018 WL 3559089, at *10 n.14 (S.D.N.Y. July 13, 2018) (citations omitted) ("[N]ews articles in securities cases . . . are not appropriately considered on a motion to dismiss for the substance of their contents."); *In re Merrill Lynch Tyco Rsch. Sec. Litig.*, 2004 WL 305809, at *4 n.3 (S.D.N.Y. Feb. 18, 2004) ("[News articles] may not be judicially noticed for the truth of the matter asserted—that is, as 'adjudicative facts.'").

**B.      The Court Should Strike a Certain Earnings Call Transcript Or in the Alternative, Not Consider It for the Truth of the Matter Asserted Therein**

Likewise, Defendants cite to and rely upon the Company's second quarter of 2021 earnings call transcript (Exhibit I, ECF No. 47-9)—which was not cited or referenced to in the Complaint—for the truth of the matter asserted therein.   Indeed, Defendants use Exhibit I to proffer an alternative reason why the Company's app was removed from the app stores by the Chinese government, contending that a "product engineer 'missed' a functional update 'required by the regulators.'"   MTD at 9, 11, 19.   However, beyond being flatly contradicted by a number of allegations in the Complaint about data privacy violations precipitating the 360 Jietiao app's removal (*see, e.g.*, ¶¶ 90–103, 107, 109, 129–130), the Court should strike the transcript.   *In re Bausch & Lomb, Inc. Sec. Litig.*, 2003 WL 23101782, *16–17 (W.D.N.Y. Mar. 28, 2003) (striking earnings call transcript because, "while plaintiffs may have possessed a recording of the conference call, they did not 'rely' upon it in preparing the [c]omplaint").

Indeed, many courts have refused to judicially notice earnings call transcripts for similar reasons.   *See*, *e.g.*, *Plymouth Cnty. Ret. Sys. v. Evolent Health, Inc.*, 2021 WL 1439680, at *18–19 (E.D. Va. Mar. 24, 2021) (declining to judicially notice several earnings call transcripts attached to motion to dismiss); *Garden City Emps.' Ret. Sys. v. Anixter Int'l, Inc.*, 2011 WL 1303387, at *15–16 (N.D. Ill. Mar. 31, 2011) (declining to consider earnings call transcript because "the transcript is neither 'referred to' in [p]laintiffs' complaint nor 'central' to the claims"); *In re Michaels Stores, Inc. Sec. Litig.*, 2004 WL 7344746, at *3 (N.D. Tex. Dec. 13, 2004) (striking several earnings call transcripts attached to motion to dismiss because plaintiffs did not reference or rely on them).

Alternatively, if the Court takes judicial notice of Exhibit I, it should do so only for the notion that the earnings call transcript contained those words and ***not*** for the truth of the matter

7

asserted. *OSI Pharms.*, 2007 WL 9672541, at \*5 (declining to consider analyst conference call transcript because it was not referenced in complaint, not matter of public record, and not "capable of accurate and ready determination from sources whose accuracy cannot reasonably be questioned"); *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999–1000 (9th Cir. 2018) (declining to consider an earnings call transcript).

Therefore, the Court should strike Exhibit I, or alternatively, not consider Exhibit I for the truth of the matter asserted therein.

### C.   The Court Should Not Consider Certain SEC Filings for the Truth of the Matter Asserted Therein

Defendants also improperly ask the Court to accept the truth of certain statements contained in one of the Company's regulatory filings (Exhibit P, ECF No. 47-16), which supposedly shows that the 360 Jietiao app's temporary suspension did not have a material adverse impact on the Company's operations. MTD at 11, 21. Likewise, Defendants rely upon the Company's regulatory filings announcing earnings results for the third quarter of 2021 (Exhibit V, ECF No. 47-22) and second quarter of 2021 (Exhibit W, ECF No. 47-23) to show that the Company's net revenues supposedly increased between those two quarters in asserting that the removal of the 360 Jietiao app from the app stores did not materially impact the Company. MTD at 13, 21.

However, the Court should not accept these statements for the truth of the matter asserted (the only purpose for which Defendants offer them). *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 424–25 (2d Cir. 2008) (considering SEC filings only for the fact that they "contained certain information" and not "for the truth of the matter asserted"); *Roth*, 489 F.3d at 512 (ruling that "the district court erred in accepting defendants' SEC filings for the truth of their contents, in inferring that those contents were sufficient and controlling"); *Kramer*, 937 F.2d at 774 (considering SEC filings referenced in complaint on a Rule 12(b)(6) but not for the truth of the

8

matters asserted therein); *Fiore,* 416 F. Supp. 3d at 328–29 (citations omitted) ("Although courts may take judicial notice of 'legally required public disclosure documents filed with the SEC,' they may 'not take judicial notice of the documents for the truth of the matters asserted in them, but rather to establish that the matters had been publicly asserted.'").

Therefore, the Court should not consider Exhibits P, V, and W for the truth of the matter asserted therein.

## IV.   CONCLUSION

For the foregoing reasons, this Court should reject Defendants' request that the Court consider Exhibits E, I–L, and P–W for the truth of the matter asserted therein, since they are neither integral to Plaintiff's allegations nor referenced in the Complaint.  Accordingly, the Court should (1) strike Exhibits E, I–L, and Q–U, or alternatively, not consider them for the truth of the matter asserted therein; and (2) not consider Exhibits P, V, and W for the truth of the matter asserted therein.

DATED:  Friday, April 29, 2022

Respectfully submitted,

*/s/ James W. Johnson*
**LABATON SUCHAROW LLP**
James W. Johnson
Michael H. Rogers
David J. Schwartz
James T. Christie
Robert S. Rowley
140 Broadway
New York, NY 10005
T: 212-907-0700
F: 212-818-0477
jjohnson@labaton.com
mrogers@labaton.com
dschwartz@labaton.com
jchristie@labaton.com
rrowley@labaton.com

*Counsel for Lead Plaintiff Gad Sorek
and the Proposed Class*

9