UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                        :

                                        :       **<u>ORDER</u>**

                                        :       21 Civ. 6013 (AKH)

In re 360 DigiTech, Inc. Securities Litigation     :

------------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

           Defendant 360 Digitech, Inc. ("Digitech"), the only defendant to appear to date, moved to dismiss the Amended Consolidated Class Action Complaint.  On July 25, 2022 I held oral argument on the motion to dismiss.  I also considered Plaintiffs' motion to strike certain exhibits submitted in conjunction with the motion to dismiss.  For the reasons stated on the record and set for the below, I granted both the motion to strike and the motion to dismiss.

           The motion to strike docket entries 47-5, 47-9 to 47-12, and 47-16 to 47-23 is granted for the reasons stated on the record at oral argument.   In consideration of a motion pursuant to Rule 12(b)(6), consideration of documents extraneous to the pleadings is impermissible.  *See ATSI Communc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007).

           Defendant Digitech, a Chinese company that trades in the U.S. via American depositary shares, provides financial services to borrowers and lenders, in part through its downloadable app.  Plaintiffs allege, in relevant part, that Defendant made a series of misrepresentations concerning its compliance with regulations governing collection of user data.

After hearing extended argument regarding the bases for Plaintiffs' claims, I found that Plaintiffs' allegations were legally insufficient because the alleged misrepresentations were either puffery, *see Singh v. Cigna Corp.*, 918 F.3d 57, 62 (2d Cir. 2019), or Plaintiff had failed to plead the particular nature of any falsity.  *See Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1092 (2d Cir. 1995).  Plaintiff failed to allege that Digitech's practices violated Chinese law in effect prior to May 1, 2021; what specific laws Digitech before that time; or what specific acts or practices violated those laws.  Additionally, as the Complaint itself reflects, Chinese law and regulations regarding data collection were continually evolving before and during the class period, and enforcement became increasingly strict.  Digitech adequately disclosed this regulatory landscape and the attendant risks such that a reasonable investor could not have been misled.  *See Singh*, 918 F.3d at 64.

Although I did not rule on other issues presented in the briefs, I commented that additional information is needed in Plaintiffs' pleading.  Alleging scienter with particularity, especially with respect to the individual defendants, requires additional specificity to be legally sufficient.  Adequately pleading loss causation requires Plaintiffs to differentiate the cause of the alleged loss from general market fluctuations that may have affected the entire industry or entire market.

The motion to strike and the motion to dismiss are granted.  As I noted at oral argument, Plaintiffs are granted leave to replead.  Any amended complaint is due by September 26, 2022.  The Clerk shall terminate ECF Nos. 45 and 50.

SO ORDERED.

Dated:   July 26, 2022
         New York, New York

    _/s/ Alvin K. Hellerstein_____
ALVIN K. HELLERSTEIN
United States District Judge

2